UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Alex-Tela, Inc.,                                               Case No. 3:17-cv-2323

        Plaintiff

    v.                                                           MEMORANDUM OPINION

Western Heritage Insurance Company, et al.,

        Defendants

## I. BACKGROUND

On October 3, 2017, Alex-Tela, Inc. filed a complaint in the Court of Common Pleas for Lucas County against Western Heritage Insurance Company, Nationwide Mutual Insurance Company, Ken Pegler, and K & G Contractor, LLC. (Doc. No. 1). The complaint alleges breach of contract claims and bad faith against Western Heritage and Nationwide. Claims of negligence are asserted against Defendants Pegler and K & G.

On November 6, 2017, Western Heritage removed the case to this forum. Western Heritage based removal under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and on complete diversity between Plaintiff and the properly joined defendants. (Doc. No. 1 at p. 3). Western Heritage contends Nationwide is an Ohio corporation with its principal place of business in Columbus, Ohio, thereby rendering Nationwide a non-diverse defendant and fraudulently joined in this litigation. (*Id.* at p. 4).

This matter is before me on the Plaintiff's motion to amend, motion to deny diversity jurisdiction, and motion to remand. (Doc. No. 7). Also before me is the Defendants' brief in opposition. (Doc. No. 10).

## II. THE APPLICABLE LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove any civil action from state to federal court only if the district courts of the United States have original jurisdiction, both at the time of the original action and when the petition for removal is filed. *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); Fed. R. Civ. P. 19(a). Following removal to the district court, a plaintiff may seek remand of the action to state court within thirty days after the notice of removal is filed. 28 U.S.C. § 1447(c). If the court lacks subject matter jurisdiction, remand is proper. *Id.*

Original jurisdiction exists when the dispute involves a federal question or when the amount in controversy exceeds $75,000 and, at issue in this case, there is diversity of citizenship. 28 U.S.C. § 1332. Diversity requires complete diversity between a plaintiff and each defendant named in the complaint. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989), citing *Strawbridge v. Curtiss*, 7 U.S. 267 (3 Cranch)(1806). Federal court subject matter jurisdiction is determined at the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). The removing party bears the burden of establishing subject matter jurisdiction.

Under the doctrine of fraudulent joinder, a federal district court may disregard the status of a non-diverse party joined for the purposes of diversity jurisdiction. In *Casias v. Wal-Mart Stores, Inc.*, the Sixth Circuit set forth the legal standard to be applied in such an analysis:

> Fraudulent joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne*, 183 F.3d at 493 (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998) (alteration in original)). A defendant is fraudulently joined if it is "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law ..." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994) (citation omitted). The relevant inquiry is whether there is "a colorable basis for predicting that a plaintiff may recover against [a defendant]." *Coyne*, 183 F.3d at 493. "The removing party bears the burden of demonstrating fraudulent joinder." *Alexander,* 13 F.3d at 949 (citation omitted).

> When deciding a motion to remand, including fraudulent joinder allegations, we apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss. *See Walker v. Philip Morris USA, Inc.,* 443 Fed.Appx. 946, 952–54 (6th Cir.2011). As appropriate, we may "pierce the pleading" and consider summary judgment evidence, such as affidavits presented by the parties. *Id.* The court may look to material outside the pleadings for the limited purpose of determining whether there are "undisputed facts that negate the claim." *Id.* at 955–56.

695 F.3d 428, 432-33 (6th Cir. 2012).

A plaintiff's motive in joining a defendant is immaterial to this determination. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir 1999).

In light of federalism and comity concerns, federal courts must strictly construe removal jurisdiction and resolve all doubts in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109-09 (1941); *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

### III. MOTION TO REMAND

Alex-Tela seeks to amend its complaint to add a cause of action against Nationwide regarding its representation as an insurer and based on an agency theory. Plaintiff also moves for remand stating that Nationwide was not fraudulently joined to defeat diversity jurisdiction.

The Defendants are correct that privity of contract is an essential element of a breach of contract claim. *See Sobh v. American Family Ins.*, 755 F.Supp.2d 852, 855 (N.D. Ohio 2010). The contract appended to the notice of removal is between Western Heritage Insurance Company and the Plaintiff herein.

Following the incident which prompted Plaintiff's claim, a letter dated July 25, 2016 was sent to Plaintiff under the Nationwide letterhead with the following statement: "You are insured by Nationwide insurance with a policy underwritten by Western Heritage Insurance Company under BUILDING AND PERSONAL PROPERTY COVERAGE FORM CP0010 (10/12)." (Doc. No. 7-1). This written statement communicated by Nationwide appears to constitute evidence of a contract. *See Hammond v. Citibank, N.A.*, Case No. 2:10-CV-1071, 2012 WL 4009575 (S.D. Ohio 2012) (denying motion for summary judgment where plaintiff failed to present a contract of

3

evidence of a contract). If a contract between Nationwide and Plaintiff is found to exist, it negates the Defendants' arguments of futility.

To that end, I find the Defendants have not met their burden of demonstrating fraudulent joinder. As I must strictly construe jurisdiction and resolve all doubts in favor of remand, the Plaintiff's motion for remand is granted. Additionally, as this Court is without jurisdiction, I defer the motion to amend the complaint to the state court.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to remand (Doc. No. 7) is granted. The Plaintiff's motion to deny jurisdiction (Doc. No. 7) is denied as moot. Finally, Plaintiff's motion for leave to amend the complaint (Doc. No. 7) is deferred to the state court upon remand of the case. The Clerk is directed to remand this action back to the Common Pleas Court for Lucas County.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge